USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 06.23.15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAPHAEL TIMMONS,
                Plaintiff,

-v-

DR. DORA B. SCHRIRO, *et al.*
                Defendants.

No. 14-cv-6606 (RJS)

JEFFREY SMITHERMAN,
                Plaintiff,

-v-

DR. DORA B. SCHRIRO, *et al.*
                Defendants.

No. 14-cv-6857 (RJS)

OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiffs Raphael Timmons and Jeffrey Smitherman, both proceeding *pro se* and *in forma pauperis*, bring claims under 42 U.S.C. § 1983 ("section 1983") for injuries arising out of their treatment at the Anna M. Kross Center ("AMKC"), a prison facility on Rikers Island operated by the New York City Department of Correction ("DOC"). Now before the Court are Defendants' motions for summary judgment on the grounds that Plaintiffs failed to exhaust administrative remedies. For the reasons set forth below, the motions are granted.

I. BACKGROUND[1]

    Each of these cases is brought by an inmate who was incarcerated at the AMKC prison facility during 2013 and 2014 and alleges mistreatment during his time there. Plaintiff Timmons

---

[1] The facts are drawn from Defendants' unopposed Local Rule 56.1 Statements. (No. 14-cv-6606, Doc. No. 13; No. 14-cv-6857, Doc. No. 16.)

alleges that during October 2013, and again beginning on March 30, 2014, he was at AMKC with "no bed, medical attention, and very little food." (No. 14-cv-6606, Doc. No. 13 at 1.) He further alleges that during various facility lockdowns at unspecified times, he was "denied showers, phone, mail, time sensitive mail, visits, counsel visits, barbershop, commissary, legal aid, social service[s], religious services, recreation, and law library." (*Id.*) Plaintiff Smitherman alleges that from April 23, 2013 to April 26, 2013, he was denied a bed at AMKC. (No. 14-cv-6857, Doc. No. 16 at 1.) He further alleges that since May 26, 2013, he has been subjected to various facility lockdowns during which he was deprived of "showers, T.V., phone, mail, law library, social service[s], religious services, visits, [and] counsel visits." (*Id.* at 2.)

The DOC has an administrative grievance procedure, known as the Inmate Grievance and Request Program ("IGRP"), which was available and in effect at all times relevant to this lawsuit. (No. 14-cv-6606, Doc. No. 13 at 2-3; No. 14-cv-6857, Doc. No. 16 at 2-3.) The IGRP requires that inmates first file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within ten days of the complained-of act, that the IGRC attempt to resolve the grievance informally within five days, and that if the grievance is not informally resolved, the inmate may request a formal hearing before the IGRC. (*Id.*) An inmate may appeal the IGRC's decision to the commanding officer, or his or her designee, and subsequent appeals may be taken to the Central Office Review Committee and Board of Correction. (*Id.*) Finally, an inmate has the option of appealing and proceeding to the next level of review at any point throughout the grievance process should the grievance not be decided within the allotted time frame. (*Id.*)

The Southern District of New York Prison Complaint form asks incarcerated plaintiffs to describe the grievance steps they took at their facility before they filed their lawsuit. In response

to the questions, "What steps, if any, did you take to appeal that decision," and "Describe all efforts to appeal to the highest level of the grievance process," both Plaintiffs Timmons and Smitherman only stated "I wrote the warden." (No. 14-cv-6606, Doc. No. 13 at 3; No. 14-cv-6857, Doc. No. 16 at 3.) Under the question, "If there are any reasons why you did not file a grievance, state them here," Plaintiff Timmons wrote "N/A," while Plaintiff Smitherman left it blank. (*Id.*; *Id.*)

Plaintiff Timmons filed his complaint on August 18, 2014 (No. 14-cv-6606, Doc. No. 2) and Plaintiff Smitherman filed his complaint on August 22, 2014 (No. 14-cv-6857, Doc. No. 2). On March 3, 2015, the Court issued orders in each case stating that, because "it appears from the face of the Complaint that Plaintiff failed to comply with the administrative exhaustion requirement of the Prison Litigation Reform Act," Defendants may submit motions for summary judgment in place of motions to dismiss. (No. 14-cv-6606, Doc. No. 11; No. 14-cv-6857, Doc. No. 10.) On April 2, 2015, Defendants filed their motion for summary judgment against Plaintiff Timmons (No. 14-cv-6606, Doc. No. 12), and on April 3, 2015, Defendants filed their motion for summary judgment against Plaintiff Smitherman (No. 14-cv-6857, Doc. No. 11). Although the Court's Order directed Plaintiffs to submit opposition briefs and responsive 56.1 statements by May 1, 2015 (No. 14-cv-6606, Doc. No. 11; No. 14-cv-6857, Doc. No. 10), neither Plaintiff has submitted anything to date.[2]

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should

---

[2] Each of the Court's Orders has been mailed to the addresses listed by Plaintiffs on ECF. Where the Court has specifically been made aware by the Law Department or the Pro Se Office that an address is outdated, the Court has also mailed copies of the orders to the address listed on the DOC's Inmate Lookup system. However, it is Plaintiffs' responsibility to alert the Pro Se Office of address changes. *See* Pro Se Litigation Manual at 6.

be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is,

point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]," *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Furthermore, a "nonmoving party's failure to respond to a [Local Civil] Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)). Typically, assuming the other requirements of Rule 56 are met, the nonmoving party's failure to file a responsive 56.1 statement results in a grant of summary judgment. *See, e.g., Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000).

### III. DISCUSSION

As the Court previously noted, "it appears from the face of the Complaint that Plaintiff[s have] failed to comply with the administrative exhaustion requirement of the Prison Litigation Reform Act." (Doc. No. 11.) Specifically, under the Prison Litigation Reform Act ("PLRA"), inmates bringing claims with respect to prison conditions under section 1983 must exhaust the administrative remedies that are available at that prison before proceeding in federal court. 42 U.S.C. § 1997e(a). To exhaust the administrative procedure at the AMKC, an inmate must appeal several layers of review, even if the inmate does not receive a timely disposition at the initial stages. (No. 14-cv-6606, Doc. No. 13 at 2-3; No. 14-cv-6857, Doc. No. 16 at 2-3.) Here, Plaintiffs' Complaints establish that neither of them exhausted the AMKC administrative procedure. (*Id.*) Rather, each stated that he "wrote the warden," but otherwise did not appeal his grievance or seek further review through the IGRP process. (*Id.*) Such allegations fail to satisfy the PLRA exhaustion requirement, as the law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under

the PLRA. *See, e.g., Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *Simon v. Campos*, No. 08-cv-8797 (PKC), 2010 WL 1946871, at *6 (S.D.N.Y. May 10, 2010); *Adames v. New York City Dep't of Corrs.*, No. 07-cv-4021 (GBD), 2008 WL 2743835, at *3 (S.D.N.Y. July 14, 2008). Accordingly, the Complaints demonstrate on their face that Plaintiffs did not exhaust their administrative remedies.

Nevertheless, the Second Circuit has held that under certain circumstances, an inmate's failure to exhaust administrative remedies under the PLRA may be excused. This inquiry is generally guided by the Second Circuit's decision in *Hemphill v. New York*, which directs courts to consider: (1) "whether administrative remedies were in fact available to the prisoner," (2) "whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense," and (3) "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." 380 F.3d 680, 686 (2d Cir. 2004). Should an inmate fail to exhaust administrative remedies and fail to set forth facts that would excuse his failure to exhaust, the PLRA bars his claims.

Here, neither Complaint alleges facts that could excuse Plaintiffs' failure to exhaust under *Hemphill*. Furthermore, neither Plaintiff took advantage of the opportunity to set forth facts in a responsive 56.1 statement to excuse his failure to exhaust. The IGRP process was available to Plaintiffs (No. 14-cv-6606, Doc. No. 13 at 2-3; No. 14-cv-6857, Doc. No. 16 at 2-3), Defendants timely raised the affirmative defense of non-exhaustion (No. 14-cv-6606, Doc. No. 10; No. 14-cv-6857, Doc. No. 9), Plaintiffs do not allege that AMKC staff retaliated against them or prevented

them from pursuing administrative remedies, and Plaintiffs do not allege any "special circumstances" that would otherwise justify their failure to comply with the PLRA exhaustion requirements. Therefore, in light of the fact that the Complaints on their face demonstrate that Plaintiffs failed to exhaust administrative remedies, the Complaints fail to allege any facts that would excuse Plaintiffs' failure to exhaust under *Hemphill*, and Plaintiffs failed to submit responsive 56.1 statements, the Court finds that Plaintiffs' claims are barred for failure to comply with the administrative exhaustion requirement of the PLRA.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' motions for summary judgment are GRANTED. The Clerk of the Court is respected directed to terminate the motions pending at docket entry 12 in No. 14-cv-6606 and docket entry 11 in No. 14-cv-6857 and to close these cases.

SO ORDERED.

Dated: June 23, 2015
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

```
```

Copies of this Order were sent to:

Raphael Timmons
349-14-04623
AMKC C-95 Rikers Island
18-18 Hazen Street
East Elmhurst, NY 11370

Jeffrey Smitherman
210-13-00738
A.M.K.C. C-95
18-18 Hazen Street
East Elmhurst, NY 11370